# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 14, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RONALD D. DAVIS,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1266** (BOR Appeal No. 2047176)
                    (Claim No. 2011014755)

**TEIKOKU USA, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ronald D. Davis, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Teikoku USA, Inc., by Bradley A. Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 28, 2012, in which the Board affirmed in part and reversed in part a May 29, 2012, Order of the Workers' Compensation Office of Judges. The Order of the Office of Judges addressed five claims administrator decisions dated July 25, 2011; July 13, 2011; June 2, 2011; May 27, 2011; and April 12, 2011. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Davis worked for Teikoku USA, Inc., as a plant worker. On October 22, 2010, Mr. Davis was lifting a barrel with a coworker to empty its contents into a scrap metal hopper when he felt his low back pop. Mr. Davis received an MRI scan of his lumbar spine at Marietta Memorial Hospital the next day which was found to be essentially normal except there was evidence of early stage degenerative disc disease at L2-3. There was no evidence of subluxation or disc protrusion. Mr. Davis's claim was held compensable for a lumbosacral sprain and a lumbar sprain. Sushil Sethi, M.D., then performed an independent medical evaluation and found

1

that Mr. Davis had not reached the maximum degree of medical improvement with respect to his compensable injuries. Dr. Sethi found that Mr. Davis continued to have severe pain in the left hip and lower back. Mr. Davis then came under the care of Rammy Gold, M.D., who diagnosed him with a herniated cervical disc, low back pain, lumbosacral neuritis or radiculopathy, spondylolisthesis, and neck pain. Dr. Gold also recommended that Mr. Davis receive a cervical MRI and pain management treatment. James Dauphin, M.D., then performed a records review and found that Mr. Davis's cervical problems were not part of the compensable injury. Dr. Dauphin also recommended against authorizing pain management treatment. Mr. Davis then came under the care of Michael Brockett, M.D., who found that there was some evidence of spondylosis at L2-3 and a minor disc bulge. Dr. Brockett also found that Mr. Davis did not have any cervical symptoms. On April 12, 2011, the claims administrator denied the addition of neck pain, cervical disc herniation, low back pain, lumbosacral neuritis or radiculopathy, and spondylolisthesis as compensable conditions of the claim. The claims administrator also denied authorization for pain management consultation and a cervical spine MRI. Prasadarao B. Mukkamala, M.D., then performed an independent medical evaluation and found that Mr. Davis had reached his maximum degree of medical improvement. Dr. Mukkamala found that Mr. Davis continued to have low back pain but that continuing treatment was not justified. He specifically recommended against authorizing a pain management consultation or a cervical MRI. Dr. Mukkamala also recommended against adding any of the requested conditions. Dr. Brockett then requested authorization for Vicodin. He also stated that Mr. Davis continued to be temporarily and totally disabled from May 19, 2011, through July 30, 2011. On May 27, 2011, the claims administrator closed the claim for temporary total disability benefits. On June 2, 2011, the claims administrator denied authorization for a rereading of the initial lumbar MRI of October 23, 2010. On July 13, 2011, the claims administrator denied authorization for Vicodin. On July 25, 2011, the claims administrator closed the claim for temporary total disability benefits.

On May 29, 2012, the Office of Judges reversed the claims administrator's denial of Vicodin. The Office of Judges also reversed the claims administrator's decisions closing the claim for temporary total disability benefits and granted Mr. Davis benefits from May 19, 2011, through July 30, 2011. The Office of Judges also reversed the claims administrator's decision insofar as it denied a pain management consultation and the addition of low back pain, lumbosacral neuritis or radiculopathy, and spondylolisthesis as compensable conditions of the claim. The Office of Judges, however, affirmed the claims administrator's decision insofar as it denied the addition of neck pain and cervical disc herniation as compensable conditions and insofar as it denied authorization for a cervical MRI. On September 28, 2012, the Board of Review reversed the Order of the Office of Judges insofar as it added spondylolisthesis as a compensable condition of the claim and insofar as it authorized Vicodin and pain management consultation. The Board reinstated the claims administrator's July 13, 2011, decision and then affirmed the remaining provisions of the Office of Judges' Order, leading Mr. Davis to appeal.

The Office of Judges concluded that the additional diagnoses requested by Dr. Gold relating to Mr. Davis's lumbar spine should be added as compensable conditions of the claim. The Office of Judges concluded that Vicodin, a pain management consultation, and a repeat lumbar MRI were reasonable medical treatment for the compensable injury. The Office of Judges also concluded that Mr. Davis was entitled to temporary total disability benefits from

May 19, 2011, through July 30, 2011. The Office of Judges found that Dr. Sethi believed that Mr. Davis had not reached the maximum degree of medical improvement and warranted further medical treatment because of his severe low back and hip pain. The Office of Judges found that Dr. Gold and Dr. Brockett's treatment notes were credible and supported the addition of low back pain, lumbosacral neuritis or radiculopathy, and spondylolisthesis as compensable conditions. The doctors' treatment notes, according to the Office of Judges, demonstrated that Mr. Davis was entitled to additional temporary total disability benefits. The Office of Judges also concluded that cervical disc herniation and neck pain should not be added as compensable conditions of the claim. The Office of Judges found that Dr. Gold did not initially relate Mr. Davis's neck problems to the compensable injury and failed to provide a detailed analysis to justify adding the conditions to the claim. The Office of Judges also noted that Dr. Brockett indicated that Mr. Davis's cervical problems were not part of the claim.

The Board of Review reversed the Order of the Office of Judges insofar as it added spondylolisthesis as a compensable condition of the claim, authorized Vicodin, and approved a pain management consultation. The Board of Review affirmed the remaining provisions of the Office of Judges' Order. The record, according to the Board of Review, did not show that spondylolisthesis was related to the compensable injury. The Board of Review found that diagnostic testing, including the MRI taken on October 23, 2010, provided no evidence of subluxation or spondylolisthesis. The Board of Review also found that there was insufficient evidence to justify authorizing a pain management consultation. The Board of Review found that there was no discussion in Dr. Gold's treatment notes showing that pain management was medically related or reasonably necessary to treat Mr. Davis's compensable injury. The Board of Review also noted that Dr. Mukkamala and Dr. Dauphin both believed that a pain management consultation was unreasonable. Finally, the Board of Review concluded that Vicodin was not medically related or reasonably necessary to treat the compensable injury. The Board of Review found that the record did not contain the necessary documentation under West Virginia Code of State Rules § 85-20-53.14 (2006) for authorizing Vicodin beyond the normal time limits.

On appeal, Mr. Davis has requested that the decision of the Board of Review be reversed insofar as it affirmed the Office of Judges' denial of the addition of neck pain and cervical herniated disc as compensable conditions of the claim. Mr. Davis also asserts that the Board of Review should have authorized a cervical spine MRI and granted temporary total disability benefits up to November 21, 2011.

We agree with the conclusions of the Board of Review. Mr. Davis has not presented sufficient evidence to show that he injured his neck in the course of and resulting from his employment. The medical evidence in the record shows that Mr. Davis's initial complaints were related to his lower back, and there is no evidence that consistently attributes his cervical problems to his compensable injury. Since Mr. Davis's cervical problems are not causally related to his compensable injury, he is not entitled to receive treatment for his neck under this claim. Mr. Davis has not demonstrated that the cervical MRI is medically related or reasonably necessary to treat any compensable condition of the claim. Mr. Davis has also not demonstrated that he is entitled to additional temporary total disability benefits. The treatment notes from Dr. Brockett state that Mr. Davis was temporarily and totally disabled from May 19, 2011, through

3

July 30, 2011. There is not sufficient evidence in the record to indicate that Mr. Davis' disability extended beyond this period.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.


**ISSUED:  April 14, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum